# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FIRST AMERICAN PROPERTY AND CASUALTY COMPANY,

    Plaintiff,

v.

WALDO HERNANDEZ, et al.,

    Defendants.

Case No. 2:23-cv-01945-JAD-NJK

**Order**

[Docket No. 23]

    The parties have filed a stipulation to stay discovery pending the outcome of Defendant Susan Hoy's motion to dismiss. Docket No. 23.

    "The decision to stay discovery is entrusted to the 'wide discretion' of the district court." *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D.Nev. Jan. 3, 2024) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D.Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev. 1997). That discovery may involve some inconvenience and expense is insufficient to justify a stay of discovery. *Twin City Fire Insurance Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989). Instead, a sufficient showing of good cause to stay all discovery exists when: (1) the pending motion is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Flynn v. Nevada*, 345 F.R.D. at 352; *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.Nev. 2013). The Court is guided in its analysis by

the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

Here, the parties have not demonstrated that a stay is appropriate. The request clearly fails for Defendant Brochu, as she has answered the complaint and, therefore, has not filed a dispositive motion. *See* Docket No. 13. Further, as to Defendant Hoy, the parties fail to address the relevant standards and, therefore, fail to convince the Court that Plaintiff will be unable to state a claim for relief.

Accordingly, the parties' stipulation to stay discovery is **DENIED** without prejudice as to Defendant Hoy and **DENIED** as to all other defendants. Docket No. 23. The parties must file a joint proposed discovery plan no later than April 5, 2024.

IT IS SO ORDERED.

Dated: April 4, 2024.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE