UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST AMERICAN PROPERTY AND CASUALTY COMPANY,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>WALDO HERNANDEZ, et al.,<br><br>　　　　Defendant(s). | Case No. 2:23-cv-01945-JAD-NJK<br><br>**Order**<br><br>[Docket No. 27] |

　　　　Pending before the Court is Plaintiff's motion to extend time to effectuate service on Defendants Waldo Hernandez and Andrea Hernandez. Docket No. 27. No response has been filed and the deadline to do so has expired. *See* Local Rule 7-2(b).

　　　　Service of process must generally be completed within 90 days. Fed. R. Civ. P. 4(m). The Court must extend that deadline upon a showing of good cause and has discretion to extend the deadline even in the absence of good cause. *See id.* Service on individuals in foreign countries is generally not subject to the Rule 4(m) deadline. *See id.* (excluding service effectuated pursuant to Rule 4(f)); *see also Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991) (addressing predecessor version of Rule 4(m)). Nonetheless, courts possess inherent authority to set a deadline for foreign service. *Inst. of Cetacean Rsch. v. Sea Shepherd Conserv. Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (collecting cases).

　　　　In this case, Plaintiff has been attempting to secure acceptance of service from counsel for Waldo and Andrea Hernandez without success. Docket No. 27-1 at 15-16. Plaintiff also explains that service efforts are complicated by the fact that Waldo Hernandez was deported to El Salvador and that Andrea Hernandez appears to have fled the country. *See* Docket No. 27 at 2-3.

1

Given the circumstances, the motion to extend time is **GRANTED**.[1]  The new deadline to complete service is **SET** for July 12, 2024.  <u>This deadline applies regardless of whether service is being made domestically or in a foreign country.</u>

IT IS SO ORDERED.

Dated: May 2, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] Plaintiff throws into the current motion an alternative request to amend the complaint. *See* Docket No. 27 at 6.  Plaintiff is advised that separate documents must be filed for distinct forms of relief.  *See* Local Rule IC 2-2(b).  Moreover, each request must be supported by meaningfully developed argument.  *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).